**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Oronde Coleman,<br>Plaintiff,<br>v.<br>Steven B. Wolfson, et al.,<br>Defendants. | Case No. 2:25-cv-02349-APG-BNW<br><br>**ORDER** |

Pro se Plaintiff Oronde Coleman is currently incarcerated at the Clark County Detention Center. Mr. Coleman submitted a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed in forma pauperis (ECF No. 1). He submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Mr. Coleman's request to proceed in forma pauperis will be granted subject to the provisions of the Prisoner Litigation Reform Act.

## I. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Screening the Complaint

Mr. Coleman alleges that he has been falsely arrested and imprisoned since November 7, 2016, when he was arrested in Memphis, Tennessee, without an arrest warrant from Las Vegas. He alleges that he was charged with sexually assaulting his stepdaughter and with abusing his stepson even though the State had a DNA report showing that the sperm found on his stepdaughter belonged to someone else. He also alleges that the abuse allegations against him were false.

Mr. Coleman names three defendants: Steven B. Wolfson, the Clark County District Attorney; Joe Lombardo, the Governor of Nevada, who Mr. Coleman alleges was the Clark County Sheriff when these events occurred; and Aaron D. Ford, the Nevada Attorney General. He alleges that Mr. Wolfson charged him despite having the DNA report and never obtained an arrest warrant signed by a neutral and detached magistrate; that Mr. Lombardo's officers took the rape kit to the Las Vegas Metropolitan Police Department's forensic laboratory, which produced the DNA report; and that Mr. Coleman's cousin sent Mr. Ford a copy of the DNA report in September 2021. He alleges that all three Defendants are keeping the culprit's identity from him. He asserts one claim under the Fourth, Fifth, and Fourteenth Amendments for withholding exculpatory evidence. As relief, he asks for the culprit's identity, full discovery in his criminal case, and dismissal of his criminal case with prejudice.

**A. *Heck v. Humphrey***

"In order to recover damages under section 1983 for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). Here, a judgment in Plaintiff's favor (finding that he was arrested and detained without probable cause or that Defendants withheld exculpatory evidence) would necessarily imply the invalidity of any conviction or sentence on those charges. However, Plaintiff has not pled whether he has been convicted, and if so, whether his conviction or sentence has been reversed or otherwise invalidated. As such, the Court cannot tell if his constitutional claims have accrued yet or are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.*

If Plaintiff's conviction or sentence has not yet been reversed or invalidated, his constitutional claims must be brought pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. *Milewski v. Kohn*, No. 319CV00095MMDWGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11, 2019).[1] The same is true of the relief Mr. Coleman seeks here—dismissal of his criminal case. A prisoner who challenges the fact or duration of his custody and seeks release must do so through habeas corpus, not § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And any request for discovery in his criminal case should be directed to the court presiding over that case.

If Mr. Coleman wishes to pursue his claims, he must either (1) file an amended complaint by November 30, 2026 alleging that his underlying conviction or sentence has been invalidated or reversed; or (2) file a Petition for Writ of Habeas Corpus. *See White v. Lambert*, 370 F.3d 1002,

---

[1] It is not clear from the complaint whether Mr. Coleman has been convicted. He alleges that he has been detained at the Clark County Detention Center since March 2017 and asks that his "case [be] [d]ismissed with [p]rejudice." (ECF No. 1-1 at 6.) If his criminal case remains pending, *Heck* does not yet apply, but this Court generally may not interfere with an ongoing state prosecution. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (explaining that where a plaintiff files a false-arrest claim before he is convicted, the court may stay the civil action until the criminal case ends). And a pretrial detainee who challenges his custody does so through a petition under 28 U.S.C. § 2241, not § 2254. *See Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004).

1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).

**B. Immunity**

Even if Mr. Coleman's claims were not barred by *Heck*, each of the named Defendants is immune from suit for damages based on the conduct Mr. Coleman alleges.

*Mr. Wolfson:* Prosecutors are absolutely immune from damages under § 1983 for conduct "intimately associated with the judicial phase of the criminal process," including the decision to initiate a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Immunity also covers the preparation and filing of charging documents and an application for an arrest warrant. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). Each of Mr. Coleman's allegations against Mr. Wolfson concerns Mr. Wolfson's role as the prosecutor. Mr. Wolfson is therefore absolutely immune from damages for this conduct.

*Governor Lombardo and Attorney General Ford:* Mr. Coleman names Mr. Ford in his position as the Attorney General of the State of Nevada. It also appears he names Mr. Lombardo in his position as Governor. A suit against a state official in his official capacity is a suit against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars such suits for damages, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

To the extent Mr. Coleman faults Attorney General Ford for not acting on the documents sent to him in 2021, a prosecutor's decision whether to initiate a prosecution is also protected by absolute immunity. *See Roe v. City & Cnty. of San Francisco*, 109 F.3d 578, 583–84 (9th Cir. 1997). And to the extent Mr. Coleman seeks to hold Mr. Lombardo liable for the acts of officers when Mr. Lombardo was Sheriff, he does not allege that Mr. Lombardo personally participated in any of that conduct, and there is no respondeat superior liability under § 1983. *Iqbal*, 556 U.S. at 676.

Accordingly, if Mr. Coleman files an amended complaint, he should not reassert claims for damages against these Defendants based on the conduct described above.

//

//

## III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Clark County Detention Center, shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Oronde Coleman, # 7040403 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of the immediate custodian at the Clark County Detention Center, at 330 S. Casino Center Blvd., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint in this case, he must do so by **November 30, 2026**. In his amended complaint, he must state whether he has been convicted, and if so, whether his conviction or sentence has been reversed or invalidated. In addition, he should not reassert claims for damages against these Defendants based on the conduct described above. Failure to comply with this order will result in a recommendation that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff copies of an in forma pauperis application for a prisoner, instructions for the same, blank 28 U.S.C. § 2254 and 28 U.S.C. § 2241 habeas corpus forms, and instructions for the same.

//

//

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file a habeas corpus petition and an in forma pauperis application, **he must do so in a new case**.

DATED: October 28, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE